UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JANICE SUE TAYLOR,** | ) |
| Petitioner, | ) |
| VS. | )  7:15-CV-1301-JHH-JHE |
| **A. WASHINGTON ADDUCI,** | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

On May 27, 2016, the magistrate judge entered a Report and Recommendation, recommending that this petition for writ of habeas corpus be dismissed for lack of jurisdiction. (Doc. 9). On July 7, 2016, the Court received Petitioner Janice Sue Taylor's objections. (Doc. 12).

Using the language of the sovereign-citizen movement, Taylor (who now stylizes her name with a dash, a colon, and no capital letters) objects to the magistrate judge's report and recommendation by an "affidavit" invoking the Uniform Commercial Code. (*Id*. at 1). The Uniform Commercial Code is a proposed uniform code that only occurs as state statutes as enacted by those states. *See generally* 1 Hawkland UCC Series § 1-101:1 (discussing the history of the Uniform Commercial Code). It has no relevance to a federal criminal or habeas action so all references to it will be ignored. Also apparently part of this sovereign-citizen pseudo-legal garble is her assertion that the "United States District Courts" are distinct from the "District Courts of the United States," the former having only civil jurisdiction and the latter presumably having criminal jurisdiction. (Doc. 12 at 4-5). This has no basis in law, and Taylor does not even attempt to cite authority stating

that it does.[1]  To the extent this is relevant at all, the federal district courts have civil jurisdiction under 28 U.S.C. § 1330 *et seq.* and criminal jurisdiction under 18 U.S.C. § 3231.

As another preliminary matter, Taylor challenges the magistrate judge's authority to submit a report and recommendation.  (*Id.* at 8).  Her challenge is based on a misreading of the statutory provisions governing magistrate judge authority.  Specifically, she argues that, although 28 U.S.C. § 636(b)(1)(B) allows magistrate judges to submit a report and recommendation to the district judge, the motions listed in § 636(b)(1)(A) are excepted from that authority, including "judgment on the pleadings," and her petition requires judgment on the pleadings.  (*Id.*).  However, what those provisions actually say is that a magistrate judge, when designated to do so, may enter orders on pretrial motions *except* those listed under § 636(b)(1)(A) and may submit a report and recommendation regarding "any motion excepted in subparagraph (A)." 28 U.S.C. § 636(b)(1).  This is the exact opposite of what Taylor contends it says.  The magistrate judge had the authority to issue a report and recommendation for the undersigned's consideration regarding this Court's jurisdiction.

Taylor's primary argument appears to be that (1) 28 U.S.C. §§ 2241 and 2255 are separate statutes, one of which applies to civil habeas actions and the other to a motion in the original criminal case, (doc. 12 at 2-3); (2) § 2241 applies to Taylor's case by its own terms, giving this Court jurisdiction, (*id.* at 3-4); and (3) § 2255 does not apply to her because she is not attacking her conviction and sentence but instead is challenging her illegal custody as a result of the constitutional

---

[1] Taylor also contends there is a difference between the "Constitution *for* the United States," establishing common law, equity, and admiralty jurisdiction, and the "Constitution *of* the United States," establishing "statutory jurisdiction" under the Uniform Commercial Code, from which statutory laws come.  (Doc. 12 at 4) (emphasis added).  Again, she cites no authority for this proposition.  There is one United States Constitution, from whose Article III this Court's jurisdiction over common and statutory law, equity, and admiralty arises.  *See* U.S. Constitution, art. III, sec. 2.

violations in her trial and sentencing, (*id.* at 5-8, 14-17). Taylor's first and second premises are correct: §§ 2241 and 2255 are separate statutes with separate scopes of application, and, if the language of § 2241 were all that were applicable to her claim, this Court would have jurisdiction to hear her habeas petition. On these points, she does not appear to disagree with the magistrate judge. (*See* doc. 9 at 4).

It is the third premise upon which she and the magistrate judge differ and upon which her argument fails. She contends § 2255 does not govern her claims because "she is NOT claiming she is innocent or guilty of [her criminal] charges," nor "the right to be released from those charges upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, NOR that the court was without jurisdiction to impose such sentence on those charges, NOR that the sentence was in excess of the maximum authorized by law, NOR that those charges are otherwise subject to collateral attack." (Doc. 12 at 5). She assert she is "NOT challenging or Claiming the VALIDITY of her sentence, but rather ONLY the Constitutional Violations that were Executed upon her during and after trial." (*Id.* at 7).

However, all of the alleged constitutional violations occurred during the trial or at sentencing. (*See id.* at 3). Because these violations were allegedly committed by the trial court, they go to the validity of the conviction and sentence. If the trial was unfair or the sentence imposed was outside the law, the conviction and sentence are constitutionally invalid. When those claims are raised by a prisoner in custody under a federal sentence, they are governed by § 2255. *See* 28 U.S.C. § 2255(a). Constitutional violations committed in the execution of the sentence are committed by the executive branch's application of that sentence to the prisoner (*e.g.*, the Bureau of Prisons miscalculating a release date under a valid conviction and sentence). Taylor alleges no such

3

violations. As the magistrate judge stated, (doc. 9 at 6 n.6), Taylor cannot skirt the provisions of § 2255 by recasting her challenge to the validity of her conviction and sentence as a challenge to the unconstitutional execution of a constitutionally invalid conviction and sentence.

Her assertion § 2255 does not affect § 2241 because the two statutes do not mention each other is similarly without merit. As Taylor has acknowledged, there is but one writ of habeas corpus, existing at common law but statutorily governed by § 2241 and § 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003). Although § 2255 creates a separate parallel habeas-like remedy and does not specifically apply to the Great Writ itself, *see Swain v. Pressley*, 430 U.S. 372, 378 (1977), subsection (e) does explicitly reference "application[s] for [] writ[s] of habeas corpus," which are governed by § 2241, and places a limit on district courts' ability to hear such petitions when they are filed on behalf of prisoners who are also authorized to apply for relief under § 2255.

Because Taylor is "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States," the provisions of § 2255, including subsection (e), apply to her petition. Under subsection (e), this Court may not entertain her petition[2] because, as the magistrate judge stated, "on her current claims, she 'has failed to apply for relief, by motion, to the court which sentenced her,' and, on other claims, 'such court has denied [her] relief.'" (Doc. 9 at 6-7) (quoting 28 U.S.C. § 2255(e)).

---

[2]Taylor also objects to the magistrate judge's paraphrase of subsection (e) contending he "falsely claim[ed] the word 'petition' is used in § 2255(e)" and he incorrectly quoted the statute by replacing "motion" with "petition." (Doc. 12 at 14-15). However, the magistrate judge did not "incorrectly quot[e] the statute"; he paraphrased it by replacing not "motion" but "application for a writ of habeas corpus" with "petition," (doc. 9 at 5-6), which are, as the magistrate judge thoroughly discussed, interchangeable in this context, (*see id.* at 5 n.5).

Taylor also contends that she could not have brought her claims under § 2255 because one of her claims challenges the imposition of a restitution order and "[a] movant cannot utilize §2255 to challenge a RESTITUTION ORDER, even if cognizable claims seeking release from custody are also raised." (Doc. 12 at 7) (citing *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009)). She does not further develop the argument, and, while it is true a § 2255 motion cannot be used to attack a restitution order, her apparent assumption that this means she must be able to use § 2241 to attack her restitution order does not follow from that premise. In fact, the Eleventh Circuit has explicitly held that § 2241 does not apply to attacks on restitution orders because the relief sought (*i.e.*, from imposition of restitution or the amount imposed) is not related to the custody upon which habeas jurisdiction is premised (*i.e.*, physical confinement). *Arnaiz v. Warden, Federal Satellite Low*, 594 F.3d 1326, 1329-30 (11th Cir. 2010).

Lastly, the fact Taylor may or may not be in active litigation with the judge of her criminal trial is irrelevant to whether Congress has granted or deprived this Court of jurisdiction over her habeas claims. That is an issue she must raise with that court when and if she raises these claims there.

The court has considered the entire file in this action, together with the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of this court. The petition for writ of habeas corpus is due to be dismissed.[3] A separate Order will be entered.

---

[3] Because the petition is due to be dismissed, the Court does not find error in the magistrate judge's decision to deny Taylor's motions to expedite habeas corpus, (docs. 7 and 8).

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

**DONE** this the   20th   day of July, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE